UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ZUNIGA,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Case Nos.: 22cr2090-LL-2; 23cv773-LL<br><br>**ORDER DENYING AS MOOT MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**[ECF No. 220 in 22cr2090-LL-2; ECF No. 1 in 23cv773-LL]** |

Pending before the Court is Petitioner Joseph Zuniga's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 220.[1] Respondent United States of America filed a Response in Opposition to Petitioner's Motion. ECF No. 349. Under Rule 4 of the Rules Governing § 2255 Proceedings, this Court may dismiss a § 2255 motion if it "plainly appears" from the motion, attached exhibits, and the record of prior proceedings, that petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing § 2255 Proceedings; *see also United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994).

---

[1] All citations numbers in this Order refer to the criminal case, 22cr2090-LL-2.

Having thoroughly considered the parties' briefing, the relevant record, and, in accordance with Rule 4, the Court **DENIES AS MOOT** Petitioner's Motion.

## I. BACKGROUND

Petitioner Zuniga filed the instant Motion on April 27, 2023 while he was in state custody. ECF No. 220 at 1, 6. Petitioner stated the reason for his Petition was to "attack[] [the] extradition hold (federal)." *Id.* at 1. Petitioner stated that the case number of the judgment of the conviction being challenged was 20cr3145-AJB. *Id*. Petitioner further stated that the federal case 20cr3145-AJB was dismissed on March 17, 2021. *Id.* He stated that the "grounds for relief" was due to a "warrant in a closed close that was returned executed but still shows as an active warrant to the sheriffs['] department violative of due process." *Id.* at 6.

As evidenced by the docket in case number 20cr3145-AJB, Petitioner's original federal case was dismissed on March 17, 2021. *See* Docket. The federal hold that Zuniga is challenging in his Motion to Vacate was placed on him due to his indictment in a subsequent criminal case, 22cr2090-LL. Within a few days of Petitioner Zuniga filing his Motion to Vacate, on May 3, 2023, he was arraigned on the indictment in his new criminal case (22cr2090-LL). ECF Nos. 226, 228. Petitioner Zuniga ultimately pled guilty in the new criminal case. ECF No. 306. On February 26, 2024, Petitioner Zuniga was sentenced to custody by the Court, at the Bureau of Prisons for a term of 30 months. ECF Nos. 319, 322. Zuniga's projected release date was on May 7, 2025. *Id.*

## II. DISCUSSION

A federal prisoner making a collateral attack against the validity of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise

> subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Section "2255 encompasses a prisoner's claim of 'the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States.'" *Davis v. United States*, 417 U.S. 333, 344-45 (1974) (quoting Section 2255).

"The Supreme Court has repeatedly stressed the limits of a § 2255 motion." *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "Where the moving party does not allege a lack of jurisdiction or constitutional error, there is no basis for collateral relief under § 2255 unless the claimed error constituted a fundamental defect which inherently results in a 'complete miscarriage of justice.'" *United States v. Wilcox*, 640 F.2d 970, 972-73 (9th Cir. 1981) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). "For example, the [Supreme] Court has cautioned that § 2255 may not be used as a chance at a second appeal." *Berry*, 624 F.3d at 1038 (citing *Addonizio*, 442 U.S. at 184). "In *United States v. Zazzara*, 626 F.2d 135 (9th Cir. 1980), we held that the use of perjured testimony to obtain an indictment did not constitute a claim for § 2255 relief." *Wilcox*, 640 F.2d at 973. "Further, short of proof of actual innocence, claims solely based on new evidence are generally not cognizable on habeas." *Berry*, 624 F.3d at 1038 (citing *Conley v. United States*, 323 F.3d 7, 14 (1st Cir. 2003) (en banc) ("Merely to claim that new evidence casts doubt, even grave doubt, on the correctness of a conviction is not a ground for relief on collateral attack.")). "Rather, a motion under § 2255 must be based upon an independent constitutional violation." *Id.* (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("[N]ewly discovered evidence ... alleged in a habeas application ... must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus.")).

In Petitioner's Section 2255 Motion, Zuniga fails to allege any constitutional violation or violation of any other federal law. Based on the Court's review of the record,

1  it appears that Petitioner was mistaken in his assertion that the federal hold was placed on
2  him in his previously closed case (20cr3145-AJB), as it is evident from the record that it
3  was placed on him in connection with the new federal case. Not only was Zuniga's Section
4  2255 Motion filed well before he was sentenced in the instant federal criminal case, it was
5  filed before he was even arraigned on the indictment in the federal criminal case.
6  Additionally, Petitioner's purported challenge to a federal extradition hold is no longer
7  applicable given that he pled guilty in his criminal case, 22cr2090-LL. Accordingly,
8  Petitioner's Section 2255 Motion is **DENIED AS MOOT**.

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Zuniga has failed to allege that he has been denied any constitutional right. A certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated: July 28, 2025

_____
Honorable Linda Lopez
United States District Judge